**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SHERYL D. TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2929 |
| | § | H-13-1719 |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Sheryl D. Taylor sued Ocwen Loan Servicing, LLC in separate suits over Ocwen's attempts to collect mortgage payments. Ocwen moves to consolidate the present suit with *Taylor v. Ocwen Loan Servicing*, 4:13-1719 (S.D. Tex. filed June 13, 2013). (Docket Entry No. 23). Taylor opposes consolidation. Based on the pleadings; the motion and response; and the relevant law, Ocwen's motion to transfer the case for coordinated handling by the judge having the earlier-filed related case is granted.

Under Federal Rule of Civil Procedure 42(a), "actions involving a common question of law or fact" may be consolidated. A court may: (1) "join for hearing or trial any or all matters at issue in the actions"; (2) "consolidate the actions"; or (3) "issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a)(1)–(3). "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge suits into a single cause or change the rights of the parties." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933); *see also McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[C]onsolidation does not cause one civil action to emerge from two."). Instead, courts have emphasized that after consolidation, "the two suits

retain their separate identities" even to the point that each requires "the entry of a separate judgment." *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). Such separation prevents consolidation from "depriv[ing] a party of any substantial rights that he may have had if the actions had proceeded separately." *Id.*

District courts have broad discretion in determining whether two or more actions have common questions of law and fact and whether to consolidate. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). In weighing consolidation, courts consider whether: the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial. *Arnold & Co., LLC v. David K. Young Consulting, LLC*, 2013 WL 1411773, at *1–2 (W.D. Tex. Apr. 8, 2013).

The factors strongly favor transfer and consolidation under the rule. Both suits are pending in the Southern District of Texas and involve identical parties. The suits involve common questions of law and fact. In each suit, Taylor has accused Ocwen of taking illegal actions in an attempt to collect on the same mortgage loan account. Taylor has asserted similar claims in each suit under the Federal Debt Collection Practices Act; the Texas Debt Collection Act; and the Texas Deceptive Trade Practices Act. Consolidation will not cause delay because both cases are still at an early stage and likely will reduce the time and cost of resolving pretrial motions and trying the cases.

Taylor opposes consolidation on the ground that the suits involve separate collection conduct. Taylor notes that the first suit involves collection activity that occurred between February

3, 2012 and August 22, 2012, while the second suit involves collection activity that took place on August 23, 2012. That some facts and legal issues may differ between the suits, which otherwise involve common facts and claims, is not a sufficient reason to deny the consolidation request.

Taylor also contends that consolidating the cases would prejudice her because it would deprive her of the right to obtain separate statutory damages and attorney's fees for each action. She argues that "without separate actions for each violation, creditors such as [Ocwen] are allowed to make collection calls ad infinitum and only have to worry about paying a maximum $1000 in statutory damages." (Docket Entry No. 26 at 3). There is no basis for Taylor's concern. Courts in the Fifth Circuit have "adhered to [the Supreme Court's] instruction" in *Johnson*, 289 U.S. at 496–97, that consolidation "does not merge suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997).

Ocwen's motion to transfer the case for coordinated handling by the judge having the earlier-filed related case is granted.

SIGNED on July 3, 2013, at Houston, Texas.

                                                Lee H. Rosenthal
                                                United States District Judge